# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :

    - v. -                         :     INDICTMENT

MAHMOUD THIAM,                    :     17 CRIM 047
              Defendant.        :

- - - - - - - - - - - - - - - - - X

### COUNT ONE

(Transactions in Criminally Derived Property)

The Grand Jury charges:

#### The Scheme to Launder Bribery Proceeds

    1.   From in or about 2009 up to and including at least in or about August 2011, MAHMOUD THIAM, the defendant, a United States citizen, leveraged his positions as the Minister of Mines, Geology, Energy and Hydraulics of the Republic of Guinea and the Minister of Mines and Geology of the Republic of Guinea (collectively, the "Minister of Mines"), positions THIAM held from in or about 2009 to in or about 2010, and engaged in a scheme to accept bribes from senior representatives of a Chinese conglomerate and to launder that money into the United States and elsewhere.

    2.   In exchange for those bribe payments, MAHMOUD THIAM, the defendant, used his position as Minister of Mines to

1



promote the award to the Chinese conglomerate of exclusive and highly valuable investment rights in a wide range of sectors of the Guinean economy, including near total control of Guinea's valuable mining sector.

3. In order to covertly receive the bribes, MAHMOUD THIAM, the defendant, opened a bank account in Hong Kong (the "Thiam Hong Kong Account") and misreported his occupation to the Hong Kong bank to conceal his status as a public official. THIAM then transferred millions of dollars in bribe proceeds from the Thiam Hong Kong Account to, among other things, a bank account belonging to THIAM and THIAM's wife in the United States; a Malaysian company that facilitated and concealed the purchase of a $3,750,000 estate in Dutchess County, New York (the "Dutchess County Estate"); a contractor in the amount of approximately $250,000 for work on the Dutchess County Estate; and private preparatory schools attended by THIAM's children.

4. In furtherance of the scheme, MAHMOUD THIAM, the defendant, made false statements to two banks based in New York, New York, and on United States federal income tax returns filed with the Internal Revenue Service to conceal his position as a foreign public official and the source of the funds in the Thiam Hong Kong Account.

2

5. Overall, THIAM received into the Thiam Hong Kong Account bribes totaling approximately $8.5 million from senior representatives of the Chinese conglomerate.

## Statutory Allegations

6. From in or about 2009 up to and including at least in or about August 2011, in the Southern District of New York and elsewhere, MAHMOUD THIAM, the defendant, a United States person, knowingly engaged in and attempted to engage in monetary transactions in criminally derived property that were of a value greater than $10,000, to wit, wire transfers of funds in excess of $10,000 from a bank account in Hong Kong under THIAM's control to, among other locations, a bank account in New York, New York, such property having been derived from a specified unlawful activity, to wit, proceeds of bribes paid to THIAM in violation of laws of the Republic of Guinea prohibiting bribery of a public official to influence THIAM, in his position as Minister of Mines, to promote the award to particular companies of exclusive and valuable business interests in the Republic of Guinea.

(Title 18, United States Code, Sections 1957 & 2.)

COUNT TWO

(Money Laundering)

The Grand Jury further charges:

7.  The allegations set forth in paragraphs One through Five are realleged and incorporated by reference as if fully set forth herein.

8.  In or about November 2010, in the Southern District of New York and elsewhere, MAHMOUD THIAM, the defendant, a United States citizen, who was first arrested in the Southern District of New York, in an offense involving and affecting interstate and foreign commerce, and in an offense begun outside the jurisdiction of any particular State or district of the United States, knowing that the property involved in certain financial transactions, to wit, wire transfers, represented the proceeds of some form of unlawful activity, knowingly did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, proceeds of bribes paid to THIAM while THIAM was Minister of Mines in violation of the laws of the Republic of Guinea, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, THIAM transferred $375,000 from the Thiam Hong Kong Account to a bank account in

4

Malaysia and caused the transfer of $375,000 from a bank account in Mozambique to a bank account in New York, New York, to conceal and disguise his ownership and control of the Dutchess County Estate and the source of the proceeds used to purchase the Dutchess County Estate.

(Title 18, United States Code, Sections 1956(a)(1)(B), 1956(f) & 2.)

### FORFEITURE ALLEGATION

9.   As a result of committing the offenses alleged in Counts One and Two of this Indictment, MAHMOUD THIAM, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the following specific property:

   a.   The real property with address 771 Duell Road, Stanfordville, New York, 12581.

### Substitute Assets Provision

10.   If any of the above described forfeitable property, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

5

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 982;
   Title 21, United States Code, Section 853; and
   Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
ANDREW WEISSMANN
Chief, Fraud Section
Department of Justice
Criminal Division

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MAHMOUD THIAM,

Defendant.

### INDICTMENT

16 Cr. ___ (___)

(Title 18, United States Code,
Sections 1956, 1957 & 2)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

1/18/17 - Filed Indictment
ac  Case assigned to J Cote.

J Peal
resur