H2D9THIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                              17 CR 0047 (DLC)

MAHMOUD THIAM,

            Defendant.

------------------------------x

                                    New York, N.Y.
                                    February 13, 2017
                                    2:20 p.m.

Before:

                     HON. DENISE COTE

                                    District Judge

                    APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
ELISHA KOBRE
    Assistant United States Attorney

LORINDA LARYEN
    Department of Justice

SULLIVAN & WORCESTER
    Attorney for Defendant
ANDREW SOLOMON

LAW OFFICE OF AARON GOLDSMITH
    Attorney for Defendant
AARON M. GOLDSMITH

1              (In open court; case called)

2              MR. KOBRE:  Good afternoon, your Honor.  Elisha Kobre
3   and Lorinda Laryen for the government.  With me at counsel
4   table also Alexander Beer, a paralegal with our office.

5              THE COURT:  For the defendant.

6              MR. GOLDSMITH:  Aaron Goldsmith, 225 Broadway, Suite
7   715 on behalf of Mr. Thiam.

8              MR. SOLOMON:  Good afternoon, your Honor.  Andrew
9   Solomon from the law firm of Sullivan & Worcester, 1633
10  Broadway, New York, New York 10019.  Your Honor, I'm sure, is
11  aware that we have a motion to withdraw.

12             THE COURT:  Mr. Solomon, are you referring to our
13  discussion last week in court or motion papers you filed?

14             MR. SOLOMON:  Our discussion last week in court.

15             THE COURT:  Okay.  Good.  I'm aware of that.

16             MR. SOLOMON:  Good.

17             THE COURT:  I thought if you were referring to some
18  papers, I had not seen those.

19             So, Mr. Goldsmith, you're a member of our CJA panel
20  and because of this request by retained counsel to be relieved
21  you were contacted to see whether or not you could be available
22  today and if appointment of counsel were appropriate to be
23  appointed as Mr. Thiam's attorney; is that correct?

24             MR. GOLDSMITH:  That's correct, your Honor.

25             THE COURT:  Thank you.

1          MR. GOLDSMITH:  I'll note for the record that we held
2     an appointment hearing this morning before a magistrate.  So
3     that's already been effectuated.
4          THE COURT:  Thank you so much.
5          So with that, Mr. Solomon, you are relieved.  And,
6     Mr. Goldsmith, I accept your representation of the defendant.
7     And I'm sure Mr. Solomon will cooperate in full with
8     Mr. Goldsmith so this transition can be as smooth as possible.
9          MR. SOLOMON:  Absolutely in every possible way.  Thank
10    you, your Honor.
11         THE COURT:  Thank you so much.
12         And excuse me just one second.
13         So, Mr. Goldsmith, I know you've had an opportunity to
14    talk to the government or I assume you've had an opportunity to
15    talk with the government; is that right?
16         MR. GOLDSMITH:  That's correct.  I've had a number of
17    opportunities to speak with the government over the last
18    several days as well as Mr. Solomon as well.  So I do have a
19    good sense of what discovery lies ahead for me in this matter.
20    We've had some discussions earlier today as well about possible
21    scheduling going forward.
22         THE COURT: Good.  Good.
23         So you learned then I take it that a large deal of
24    discovery was produced on February 3 and the defendant was
25    requested to produce a hard drive to the government and the

1   remainder of discovery will hopefully be produced on
2   February 17.
3              MR. GOLDSMITH:  Yes, your Honor.  That's my
4   understanding.
5              THE COURT:  Good.
6              We learned on February 7 at our conference last week
7   that the trial is expected to last about two weeks.  There was
8   a postarrest statement.  There were search warrants executed.
9   And, of course, voluminous documents.
10             MR. GOLDSMITH:  I'm aware of all of that as well.
11             THE COURT:  Good.  Good.  So what month would you like
12  to have a trial?
13             MR. GOLDSMITH:  Well the government and I have
14  discussed our relative availability for the month of May
15  depending upon the Court's calendar.
16             THE COURT:  So we'll begin the trial on April 24.
17             Any motions will be due March 7 -- March 17, I'm
18  sorry.
19             Opposition March 24.
20             Any objection to excluding time between now and our
21  trial date of April 24?
22             MR. GOLDSMITH:  No objection, your Honor.
23             THE COURT:  I am going to exclude time from today,
24  February 13, to our trial date of April 24, finding the
25  exclusion to be in the interests of justice and to outweigh the

1   best interests of the defendant and the public in a speedy

2   trial.  It will permit discovery to be finally completed,

3   motion practice to take place.  If the defendant wishes to

4   enter a disposition, it will give the defendant an opportunity

5   through his counsel to discuss that with the government.

6   Alternatively, if the defendant wishes to go trial it will give

7   me an opportunity to decide any motions that are submitted in a

8   timely fashion and it will give all parties time to prepare for

9   trial.

10          I make this exclusion pursuant to Title 18 United

11  States Code Section 3161(h)(7)(A).

12          Mr. Kobre, is there anything else we need to do?

13          MR. KOBRE:  No, your Honor.

14          THE COURT:  And Mr. Goldsmith, anything else?

15          MR. GOLDSMITH:  I just want a brief clarification.

16  Given the trial start date of April 24 would the Court prefer

17  to give us a date for motions in limine?  Or should we defer to

18  a couple weeks before?

19          THE COURT:  Happy to set a schedule for motions in

20  limine.

21          MR. GOLDSMITH:  Ordinarily I wouldn't be that forward

22  but April 10, which is two weeks prior, is Passover.  So I just

23  I think if we were going to get to that point I think it might

24  be beneficial to both parties if we do perhaps the week earlier

25  as the submission date.

1           THE COURT:  That's fine.  Motions in limine due
2   April 7.  Opposition due April 14.
3           MR. GOLDSMITH:  Thank you.
4           MR. KOBRE:  Thank you, Judge.
5           THE COURT:  And the requests in connection with voir
6   dire and charge will be due April 18 and we'll get out a
7   scheduling order with the final pretrial conference date but it
8   will be in all likelihood the 21st.
9           MR. GOLDSMITH:  Thank you, your Honor.
10          Nothing further from defense.
11          THE COURT:  Thank you.
12          (Adjourned)