AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway Suite 715
New York, New York 10007
(212) 566-6212

Attorney for Mr. Thiam

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

(HONORABLE DENISE L. COTE, USDJ)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 17 Cr 0047 (DLC) |
| Plaintiff, | ) ) | DATE: March 24, 2017<br>TIME: |
| v. | ) ) | MEMORANDUM OF POINTS AND |
| MAHMOUD THIAM, | ) ) | AUTHORITIES IN SUPPORT OF<br>DEFENDANT'S MOTION TO DISMISS |
| Defendant. | ) ) | |

## MOTION TO DISMISS

### INTRODUCTORY STATEMENT

On January 18, 2017, Mr. Thiam was indicted on a two (2) count Indictment, charging both a scheme to launder bribery proceeds and money laundering. The Indictment alleges that Mr. Thiam leveraged his position as the Minister of Mines and engaged in a scheme to accept bribes from senior representatives of a Chinese conglomerate, in exchange for his assistance in arranging that Chinese conglomerate's award of exclusive mining rights in the Republic of Guinea, and to launder that money into the United States and elsewhere. Mr. Thiam was charged with violation Title 18, United States Code, Sections 1957 & 2 and Title 18, United States Code, Sections 1956(a)(1)(B), 1956(f) & 2.

## II.
## ARGUMENT

Title 18 U.S.C. §3282 provides: "[N]o person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found when the information is instituted within five years next after such offense shall have been committed."

In order to avoid the running of the statute of limitations, the government may obtain a suspension of the limitations period so that the government may pursue an official request for evidence located in a foreign country. 18 U.S.C. § 3292. The tolling begins upon issuance of a court order, rather than upon sending of the official request to the foreign government, and concludes when the foreign government takes "final action" on the request. *United States v. Kozeny*, 493 F. Supp. 2d 693 (SDNY 2007), *affd*, 541 F.3d 166 (2d Cir. 2008). Final Action requires a dispositive response by the foreign government to each of the items listed in the government's official request. *United States v. Torres*, 318 F.3d 1058 (11th Cir. 2003). A dispositive response may include a response from the foreign government that compliance is not possible. *Id.*

In this case, the Government's application for a tolling of the statute of limitations did not include the sufficient level of specific information necessary for such relief to be granted. Copies of the Government's application and Order granting an extension of time are annexed hereto as Exhibit "A."

More specifically, nothing in the Indictment, nor in the proceedings in the miscellaneous action, discloses when the foreign jurisdictions involved took "final action on" the United Sates' request for information. Indeed, there is no indication that any such action was ever taken at any time by any of these jurisdictions. The Indictment does not allege that such final action occurred. It does not allege whether the period of the statute of limitations purports to have been tolled for more than six (6) months, nor does it otherwise allege any facts or circumstances from which the court can evaluate compliance or noncompliance with the 18 USC § 3292. *United States v. Meador*, 138 F.3d 986 (5th Cir. 1998) (when foreign action is "final"); *United States v. Bischel*, 61 F.3d 1429 (9th Cir. 1995) (when foreign action is "final"). Under these circumstances, the United States cannot show that the statute of limitations has been satisfied.

Moreover, the Indictment does not allege any criminal act charged against Mr. Thiam is, in any way, *dependent* upon any evidence sought or received from the British Virgin Islands, China (in the Special Administrative Region of Hong Kong), France, Guinea, Israel, Sierra Leone, Sweden, Switzerland, Tunisia, and/or the United Kingdom. The Indictment does not suggest that any evidence gathered from a

17 CR 0047 (DLC)

foreign jurisdiction was, or is, relevant to the event necessary to establish elements of proof to make a case against Mr. Thiam on each of the counts charged against him. Nothing in the Indictment suggests or infers that any evidence sought or received after November 25, 2014, the date the United States' Request for an *Ex Parte* Order, and the date when the Order was issued by this Court in Misc. No. 00396 would have, in any way, changed the charges filed, or the evidence relied upon by the United States in these proceedings.

Simply stated, the Indictment does not suggest why it could not have been returned within the statute of limitations, and it does not reveal why evidence from foreign jurisdictions was necessary to indict, or prosecute, or convict, Mr. Thiam. Instead, the Declaration in Support of Application for Suspension of Running of Statute of Limitations only suggests that "evidence relating to the Subject Offenses appears to be located abroad" and that "evidence will help the government" prove the charges brought against Mr. Thiam and his co-defendants. Such statements were merely conclusory allegations to allow the Government extra time to make their case against Mr. Thiam, without the necessary details nor required scrutiny.

The object and policy of § 3292 are to compensate for delays in obtaining evidence from foreign countries. Requiring that the United States indicate its reason for seeking a suspension, because evidence it seeks is in a foreign country, comports with that object and policy; it allows for additional time where such is or may be needed. If the government already has the evidence during the applicable statute of limitations, it needs no additional time. *United States v. Atiyeh*, 402 F.3d 354 (3rd Cir. 2005) ("There is no provision in the statute giving the Government extra time.") *cert. denied*, 546 U.S. 1068 (2005).

Furthermore, nothing in this application or Indictment suggests that the Government was diligent in its pursuit of evidence necessary to prosecute Mr. Thiam for each crime alleged in the Indictment. While the courts are unanimous, there is authority for the proposition diligence must be shown. *United States v. Trainor*, 376 F.3d 1325 (11th Cir. 2004). This is logical since there is a strong policy for liberal interpretation of criminal statutes of limitations. "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity." *United States v. Marion*, 404 U.S. 307, 322-323 (1971); *see also United States v. Grimmett*, 236

F.3d 425, 456 (8th Cir. 2001) ("The Supreme Court has emphasized that criminal statues of limitations "are to be liberally interpreted in favor or repose.").

What belies the need, and the application itself, for the Government to have more time to secure information from foreign jurisdictions was the existence of a Civil RICO matter in the Southern District of New York, *Rio Tinto, PLC v Vale, SA* 14 CV 3042 (RMB), that was litigated for years prior to the filing of this Indictment. Most notably about that civil matter, is that the Republic of Guinea was involved as an interested non-party. It was represented by the law firm of DLA PIPER, and upon information and belief, regularly supplied information and documentation to the parties during the discovery process and litigation in general. While the Civil Rico causes of action against Mr. Thiam were ultimately dismissed, the involvement and cooperation of the Republic of Guinea through a large law firm in New York can only serve to contradict the notion that the Government was unable to obtain necessary evidence within the prescribed five (5) years. In fact, the firm, DLA Piper, was provided with extensive investigatory reporting through a private investigator and the cooperation of the Government of Guinea. The report itself even discusses the significant exposure to witnesses in several countries used to complete the report. As a result, it can only derived that the Government merely applied for the extension under 18 USC §3292 as a convenience rather than necessity.

Finally, the US Government itself was aware of allegations and circumstances surrounding the Shareholder Agreement between the Government of Guinea and CIF as early as February, 2010. A copy of a communique from Ambassador Patricia Moller, dated February 25, 2010, discussing the deal is annexed hereto as Exhibit "D." The communique was uploaded onto Wikileaks and included in the discovery proceedings in the *Rio Tinto* matter.

Additionally as this Court is aware, during the detention hearing process, the US Government was able to request information and receive responses from the Government of Guinea.

Between the cooperation of the Government of Guinea in the *Rio Tinto* case, the dismissal of causes of action against Mr. Thiam in the Rio Tinto case and the recent communications between the two Governments can only leave one with the conclusion that the US Government was alerted to the substance of the Indictment's allegations by the Government of Guinea. Accordingly, the US Government's requests for extensions under 18 USC §3292 are misrepresentative of its need for more time.

17 CR 0047 (DLC)

As discussed above, there is no indication in the Government's application nor this Indictment that evidence sought from a foreign jurisdiction was necessary to the prosecution of this case, or that without the evidence, the elements of each offense charged could not have been prosecuted with data in the possession of the United States without an extension of the statute of limitations. These fundamental burdens of the Government must be met. If they are not, the statute of limitations, which is a firm, fixed five (5) years, cannot be deemed tolled or extended under 18 U.S.C. § 3292. In this case, the burden has not been satisfied. All conduct relevant to the charges in the Indictment occurred outside of the five-year limitations period and the November 25, 2014 Order did not validly extend the statute of limitations due to the Government's legal insufficiency in its application.

## CONCLUSION

For the foregoing reasons, Defendant MAHMOUD THIAM respectfully requests that this Court grant this motion dismissing every count in the Indictment; and for such other and further relief as this Court deems just and proper.

## MOTION TO SUPPRESS POST-ARREST STATEMENTS

### INTRODUCTORY STATEMENT

On December 13, 2016, defendant MAHMOUD THIAM, was arrested and charged in a two (2) count Complaint. The Mr. Thiam was later indicted on the same substantive charges. The Indictment alleges that Mr. Thiam was part of a scheme to launder bribery proceeds during his tenure as Minister of Mines and Geology of the Republic of Guinea, and after. From in or about 2009 up to August 2011, Mr. Thiam allegedly leveraged his position as Minister of Mines and Geology and engaged in a scheme to accept bribes from senior representatives of a Chinese conglomerate and to launder that money into the United States and elsewhere for his own benefit. It is further alleged that the acceptance of money in a *"quid pro quo"* fashion, was in violation of Guinean Law at the time.

17 CR 0047 (DLC)

# I. MOTION *In Limine*, TO SUPPRESS EVIDENCE IN THE FORM OF A POST-ARREST STATEMENT BY MR. THIAM

On or about December 13, 2016, Mr. Thiam was arrested for the instant offense. Once in custody, FBI agents questioned him about the underlying investigation. Upon information and belief, Mr. Thiam was questioned contrary to his rights under the Fifth Amendment to the Constitution of the United States and *Miranda v Arizona*, 384 US 436 (1966). As a result of the underlying investigation and the statement elicited by the improper interrogation, Defendant THIAM was charged with the scheme to Launder Bribery Proceeds, in violation of 18 USC§§ 1957 and 2 and Money Laundering, in violation of 18 USC§§ 1956(a)(1)(B) and 1956(f) and 2, as it relates to the above-captioned matter.

The, now unsealed Complaint, describes what law enforcement officials believe to be a scheme to launder bribery proceeds. The defendant in this matter was charged specifically with the Scheme to Launder Bribery Proceeds, and Money Laundering.

Under the Fifth Amendment to the Constitution of the United States, an individual has the right to remain silent. The Amendment states, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; **nor shall be compelled in any criminal case to be a witness against himself**, nor be deprived of life, liberty, or property, without due process of law...." (emphasis added)

Under the Supreme Court's seminal decision of *Miranda v Arizona, Supra*, the Court held that an individual taken into custody must be fully informed of their rights and must make a knowing and intelligent waiver of those rights before being questioned by law enforcement agents.

Where an interrogation is conducted without the presence of an attorney and a statement is taken, a heavy burden rests on the Government to demonstrate that the defendant knowingly and intelligently waived his right to counsel. *Id*. at 475

The warnings required, and the waiver needed, are prerequisites to the admissibility of any statement, inculpatory or exculpatory, made by a defendant. *Id* at 476-477.

In the case-at-hand, Mr. Thiam was questioned once he was in FBI custody, both informally in the

17 CR 0047 (DLC)

transport vehicle (see the Thiam Affidavit) and at Federal Plaza (see Exhibit "B.") Most notably, Mr. Thiam requested Counsel early during the formal interrogation yet agents continued to question him.

> "Once the right to counsel is invoked, an accused may not be interrogated about any offense until counsel is present, unless the accused thereafter indicates waiver by initiating further communication with the police (or in this instance, the INS). *See Minnick v. Mississippi*, 498 U.S. 146, 149-156, 111 S.Ct. 486, 488-493, 112 L.Ed.2d 489 (1990); *Arizona v. Roberson*, 486 U.S. 675, 677-78, 108 S.Ct. 2093, 2095-96, 100 L.Ed.2d 704 (1988); *Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1884-85, 68 L.Ed.2d 378 (1981). If further interrogation is initiated by the investigative authority, 'the suspect's statements are presumed involuntary and therefore inadmissible as substantive evidence at trial, even where the suspect executes a waiver and his statements would be considered voluntary under traditional standards.' *McNeil v. Wisconsin*, 501 U.S. 171, 177, 111 S.Ct. 2204, 2208, 115 L.Ed.2d 158 (1991)."

*United States v Thompson*, 35 F3d 100, 103 (2d Cir. 1994)

Mr. Thiam was questioned substantively about the underlying investigation. Yet, Mr. Thiam maintains that he did not knowingly, intelligently and voluntarily waive his right to remain silent, either verbally or in writing. See Thiam Affidavit.

As the Court is aware, it is standard procedure and protocol for Federal law enforcement agents to provide a written waiver and consent form prior to questioning a defendant while in custody. The document contains the rights typically referred to as "*Miranda* rights" in both English and Spanish. The standard procedure requires a defendant to initial next to each right, thus indicating their review and understanding of it, as well as a signature at the bottom of the form indicating their waiver of the enumerated rights. Yet the presence of this document alone does not establish a knowing, intelligent and voluntary waiver.

In the case-at-hand, Mr. Thiam signed such a waiver after being coerced by FBI agents to do so. Mr. Thiam clearly stated that he was represented by counsel and indicated that he wanted to speak to his attorney. Mr. Thiam expressed his feelings of concern about proceeding forward in questioning without contacting his attorney. At that early moment of the interrogation, the agents were obliged to stop immediately and honor his request for Counsel. Any further question must surely be deemed coercive and involuntary. See Exhibit "B." More troubling is this information in conjunction with the refusal of the Government to accept communications from Mr. Thiam's Counsel and its disregard for their attempts to intervene with an interrogation. See the Affidavits of Summit, Solomon and Thiam.

The Government bears a significant burden to prove that Mr. Thiam knowingly, intelligently and voluntarily waived his rights when being interrogated by law enforcement authorities.

It is Defense' contention that the Government will not be able to satisfy this burden and that Mr.Thiam succumbed to coercive pressure placed upon him and was improperly questioned in custody.

Accordingly, the statements must be suppressed, or in the alternative a hearing must be held to determine the propriety of the interrogation.

## CONCLUSION

A review of the factors and standards listed in the above cases, it is respectfully submitted that law enforcement agents improperly interrogated THIAM. For the foregoing reasons, Mr. Thiam respectfully requests that this Court grant his motion suppressing the post-arrest statements; or in the alternative, for hearings to determine the admissibility of such evidence; and for such other and further relief as this Court deems just and proper.

As a result of the foregoing law and facts, it is respectfully requested that the Court grant an Order (1) dismissing the instant Indictment for failure to properly be filed within the prescribed Statute of Limitations; or in the alternative, for an Order (2) precluding the Government from introducing any post-arrest statements made by Defendant THIAM at trial herein; or for an evidentiary hearing regarding same; and for such other and further relief as this Court deems just and proper.

Dated: March 24, 2017
New York, NY

Respectfully Submitted,

AARON M. GOLDSMITH, ESQ.(AG4773)
Attorneys for Defendant MAHMOUD THIAM
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
aarongoldsmithlaw@gmail.com

17 CR 0047 (DLC)

TO:
UNITED STATES DISTRICT COURT, SDNY
Hon. Denise L. Cote, USDJ
500 Pearl Street
New York, NY 10007
*via ECF*

UNITED STATES ATTORNEY'S OFFICE, SDNY
Attn.: Elisha Kobre, AUSA
One St. Andrew's Plaza
New York, NY 10007
*via ECF*

17 CR 0047 (DLC)

# CERTIFICATION OF SERVICE

AARON M. GOLDSMITH, an attorney duly admitted to practice law before the Courts of the United States, Southern District of New York, affirms the following under penalty of perjury:

That I am attorney for Defendant MAHMOUD THIAM in the above-entitled action; that I am not a party to this action; and that on the 24th day of March, 2017, I served the annexed NOTICE AND MOTION, by ECF and electronic means, to the following:

U.S. ATTORNEYS' OFFICE, SDNY
Attn.: Elisha Kobre, AUSA
One St. Andrew's Plaza
New York, NY 10007

AND that I further filed the annexed MOTION, electronically.

This being the address of record within the State of New York, listed for service of the parties to the within action.

Dated: New York, NY
March 24, 2017

Aaron M. Goldsmith, Esq.

17 CR 0047 (DLC)