```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
UNITED STATES OF AMERICA,            :
                                     :
            -v-                      :     17cr47 (DLC)
                                     :
MAHMOUD THIAM,                       :     MEMORANDUM
                                     :     OPINION & ORDER
                      Defendant.     :
                                     :
-------------------------------------X
```

APPEARANCES

For the Government:
Elisha Kobre
Christopher J. DiMase
Assistant United States Attorneys
Joon H. Kim
Acting United States Attorney
for the Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Lorinda Laryea
Trial Attorney
Sandra Moser
Acting Chief, Criminal Division, Fraud Section
United States Department of Justice
1400 New York Ave., N.W.
Washington, DC 20005

For the defendant:
Aaron M. Goldsmith
Law Office of Aaron M. Goldsmith, P.C.
225 Broadway, Suite 715
New York, NY 10007

DENISE COTE, District Judge:

Mahmoud Thiam ("Thiam") is the former Minister of Mines and Geology in Guinea. On January 18, 2017, a grand jury returned a two-count Indictment against Thiam. Count One charged that between 2009 and August 2011, Thiam engaged in a monetary

transaction in criminally derived property in excess of $10,000 in violation of 18 U.S.C. § 1957.  Count Two charged that Thiam engaged in money laundering in November of 2010 in violation of 18 U.S.C. § 1956.  Trial began on April 24, 2017.  On May 3, the jury returned a guilty verdict as to both counts.  Thiam now moves for a new trial pursuant to Rule 33, Fed. R. Crim. P.  For the reasons set forth below, Thiam's motion is denied.

Rule 33 authorizes a district court to grant a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A motion for a new trial may be granted only "sparingly and in the most extraordinary circumstances."  United States v. Ulbricht, 858 F.3d 71, 112 (2d Cir. 2017) (citation omitted).  The motion should not be granted "unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice."  Townsend v. Benjamin Enterprises, Inc., 679 F.3d 41, 51 (2d Cir. 2012).

Thiam argues that the evidence presented at trial was insufficient for a reasonable jury to convict him, because the Government failed to prove that the funds deposited into Thiam's account were intended as a bribe.  Under Guinean law, a bribe is the receipt of a thing of value in return for engaging in an act or refraining from engaging in an act within the scope of his duties as the Minister of Mines.  The federal charges were premised on Thiam's violation of Guinean bribery laws.  Thiam argues that the evidence was insufficient because there was no

2

direct evidence that the payments were a bribe, and not enough circumstantial evidence for such a conclusion to be anything but speculation.

The evidence presented at trial was sufficient for the jury to find that Thiam received a bribe. The Government's theory was that executives of a Chinese conglomerate paid Thiam $8.5 million in exchange for the use of his position as Guinea's Minister of Mines to promote the award of valuable mining rights to the Chinese conglomerate. The final agreement between Guinea and the Chinese conglomerate executed in connection with the transfer of the mining rights was an October 10, 2009 Shareholders Agreement. The evidence presented at trial included: (1) the timing of the payments, including a $3 million payment two weeks before the Shareholders Agreement was signed, into an account Thiam opened in the same building as the Chinese conglomerate; (2) Thiam's false statements to the Hong Kong bank that he was employed as a "consultant" with an income of $200,00 per year and his failure to disclose his status as a public official in Guinea; (3) Thiam's attempted concealment of the source of the deposits into the Hong Kong account, which were funneled from the accounts of executives of the Chinese conglomerate; (4) Thiam's false statements to two banks in the United States regarding the source of the money -- that the money was variously income from past business transactions, savings from past employment, or proceeds from the sale of land in Africa -- and his failure to disclose

his status as a public official in Guinea; (5) Thiam's statement to law enforcement that the money was an interest-free personal loan from an executive of the Chinese conglomerate; (6) Thiam's testimony at trial that the money was an interest-free loan from the executive that he never repaid; and (7) Thiam's consciousness of guilt, evidenced by his joking with an executive of the Chinese conglomerate about getting "locked up."

This evidence is sufficient for a reasonable jury to conclude that the payments from the Chinese conglomerate to Thiam were a bribe. Accordingly, the jury did not reach a "seriously erroneous result," nor do the interests of justice require a new trial. Thiam's motion pursuant to Rule 33, Fed. R. Crim. P., is denied.

Dated:   New York, New York
         July 11, 2017

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　          DENISE COTE
　　　　　　　　　　　　　　　　　United States District Judge