```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                              17 CR 0047 (DLC)

MAHMOUD THIAM,

              Defendant.

------------------------------x
                                          New York, N.Y.
                                          August 10, 2018
                                          11:35 a.m.

Before:

                    HON. DENISE COTE

                                          District Judge

                        APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
ELISHA KOBRE
     Assistant United States Attorney

AARON M. GOLDSMITH
     Attorney for Defendant
```

I8a9thic

1           (Case called)
2           MR. KOBRE:  Good morning, your Honor.
3           Elisha Kobre for the government.
4           MR. GOLDSMITH:  Aaron Goldsmith on behalf of Sociedade
5   Saboeira de Nacala.
6           THE COURT:  Good morning.  Welcome.  Good to see you
7   both.
8           So where do we stand on this application?  I
9   understand that a petition is to be filed and that the parties
10  are trying to resolve it.
11          Mr. Kobre.
12          MR. KOBRE:  Sure, your Honor.  So in April of this
13  year defense counsel on behalf of Sociedade Saboeira de Nacala
14  filed a petition essentially claiming an interest in the
15  property that your Honor had ordered forfeited back in August
16  at the time of defendant's sentencing.
17          We've engaged in some discussions to try to -- really
18  for the government to get a better understanding of the claim
19  and to see whether it could be resolved as it often is in these
20  cases.
21          I understand from defense counsel that he has had some
22  difficulty being in touch with his client who is not
23  U.S.-based.  So those conversations have unfortunately not
24  really gone anywhere at all.
25          In the meantime, the government was contacted by a

Dutchess County attorney. The subject property that is the subject of the forfeiture is a property located in Dutchess County. As your Honor will recall, the evidence at trial was that this property was purchased in part through a 375,000-dollar wire transfer that was in essence coming from the bribe proceeds that the government proved up. And that's our basis for the forfeiture.

So, in the interim, in the last several months, a month or two ago, the government was contacted by a Dutchess County attorney who informed us that there is a tax lien on the property. As of, I think, of 2016 it was about $50,000. But we've had a subsequent conversation. Now, as of July of this year, it's roughly $200,000. The taxes have not been paid in some time on the property.

The reason why the Dutchess County attorney reached out to us is they would like to essentially foreclose on the property and sell the property and use the proceeds to pay off the tax lien.

The government -- we have had internal conversations in our office and what we would like to do and what we plan to do to submit to your Honor a stipulation and order whereby we would actually allow Dutchess County to go forward with their sale under the agreement that they would take the -- whatever it is that their tax lien is and the excess would come back to the marshal service to be dealt with in this proceeding in

essence so that this way they can get their money. And this is something we're far along in that process and, quite frankly, I think the reason I don't have a stipulation to your Honor already is because the Dutchess County attorney was away on vacation for the last two weeks or so.

According to the Dutchess County attorney, apparently it's a lengthy process. Assuming your Honor signs off on that and they can go forward with their foreclosure sale, the property will be sold on October 17. That's the date they have designated for the sale of a number of properties that are being foreclosed on in Dutchess County. And so we have these two parallel things in essence happening. We haven't really gotten anywhere on the discussions for settling this claim. But we also have the Dutchess County tax issue.

So what I've discussed with defense counsel and what I would propose for your Honor, understanding that we've already had a fair amount of delay here, is to set a discovery schedule which I can propose for your Honor, discovery and quite frankly a motion schedule for dispositive motions, but that the initial date for that discovery would be November 1. In essence November 1 would be the date by which the parties need to serve interrogatories on each other. And the reason for the November 1 date is because that -- by that time we expect to know if there's any money essentially leftover from the sale of that foreclosure proceeding.

1          I'm advised even though the property is -- was
2    purchased, we understand the purchase price of the property was
3    over $3 million, that when they sell it there is no minimum bid
4    and so it may be that there is no money leftover after the tax
5    lien is developed.  But we would propose that the first date be
6    November 1 for the service of interrogatories.  And I have a
7    full schedule to propose to your Honor if your Honor was
8    inclined, but I'll just stop there and that's really where
9    things stand from the government's perspective.
10         THE COURT:  Am I incorrect that there was a need for
11   an amended petition here?
12         MR. GOLDSMITH:  The amended petition was already
13   filed.
14         THE COURT:  And do you know the date?
15         MR. GOLDSMITH:  Not off the top of my head.  It was
16   something we've done quite a while ago.
17         MR. KOBRE:  I have it, your Honor.  Just one moment.
18         MR. GOLDSMITH:  I want to say it was the beginning of
19   June.
20         MR. KOBRE:  I believe, your Honor, it was April 8,
21   2018.  That's the date I have here, the ECF stamp on what I
22   understand to be the amended petition.
23         THE COURT:  So as far as the government is concerned
24   the amended petition is satisfactory to bring this claim?
25         MR. KOBRE:  That's correct, your Honor.  Although I

I8a9thic

will point out -- and this I have not yet discussed with defense counsel, but the claim is being made on behalf of an entity called Sociedade Saboeira de Nacala.  And that was the entity that initially purchased the property.

This goes back a ways.  But at trial the government proved up, and we have records to show, that the property was subsequently sold by that entity to another entity called AMERI Holdings.  So we actually think that the property is actually owned by AMERI Holdings and that it would probably be their claim as a proper manner.  But we don't think that that -- that there's anything procedurally improper with the filing that's already been made.  It would just be a basis for potentially dismissing the claim.

THE COURT:  So Mr. Goldsmith, you don't represent AMERI Holdings?

MR. GOLDSMITH:  No.  Sociedade Saboeira de Nacala.

I have spoken to them on several occasions and I even brought up that transfer to which their response was it is our property.

THE COURT:  Who are you dealing with?

MR. GOLDSMITH:  Mr. Rajahussein who is the counterpart of I guess I would say Chief Executive Officer of the corporation, as well as another individual named Pedro Matta, who seems to be not an officer but I guess I would couch him as an executive assistant.

1          THE COURT:  And there was reference to the difficulty
2     you've had in communicating with your client.
3          MR. GOLDSMITH:  Yes.
4          THE COURT:  And can you describe that for me a little
5     bit.
6          MR. GOLDSMITH:  Sure.  Initially through the process
7     in the spring they were quite responsive.  And I had charged
8     them with finding additional documentation that would prove up
9     their bona fide interests.  They said they were working on it.
10          Over the last probably eight weeks or so despite my
11     e-mails reporting to them about -- once I learned about the tax
12     lien, about asking them for updates, informing them of this
13     court date, and asking them to get back in contact with me to
14     report their progress and to discuss the matter I have received
15     zero response.
16          THE COURT:  So, what is your reaction to the
17     stipulation proposed by the government in connection with the
18     sale in Dutchess County?
19          MR. GOLDSMITH:  While I think -- while I'm remiss to
20     have to put this out further given the length of time it's been
21     calendared, I think it's the only way to make sense given
22     Dutchess County's right to act on the property.  I think we
23     have to let them progress with whatever legal proceedings they
24     need to and then, therefore, react.  So I'm in agreement with
25     the proposal.

1           And I also want to alert the Court I did discuss with
2    Mr. Kobre before the only concern that I have at this point
3    knowing, because I've attempted to discuss the matter with
4    Dutchess County.  They have not returned my calls.  However,
5    Mr. Kobre has given me some direct contact information with the
6    people who are responsible for me to try and get in contact
7    with them directly going forward.
8           My only concern going now is obviously I have a duty
9    to report to the corporation in Zimbabwe.  I will report to
10   them what's going on.  My understanding from other unrelated
11   matters is that if the tax lien is paid off, then title would
12   be cleared, and I will warn them that if they so choose to pay
13   off the tax lien prior to the sale that it would still not
14   avail them of any title under these circumstances and that they
15   would have to notify me of everything so that we would be able
16   to preserve the government's interests in these proceedings.
17           THE COURT:  Thank you.
18           So, Mr. Kobre, Dutchess County's interest is to get
19   the property sold for $$200,000.
20           MR. KOBRE:  That's correct, your Honor.
21           THE COURT:  If the sale exceeded 200,000, the
22   government succeeded in resisting this petition, where would
23   the money go?
24           MR. KOBRE:  So, your Honor, by agreement with Dutchess
25   County, of course subject to your Honor's approval, any excess

money above the tax lien would come back to the marshal service and would be part of this proceeding, assuming the government prevailed in this proceeding, that money would be forfeited pursuant to a final order of forfeiture to be entered by the Court.

THE COURT: To whom? The government? The treasury?

MR. KOBRE: Yes, your Honor.

THE COURT: So there is no victim here other than the United States?

MR. KOBRE: That's correct, your Honor.

THE COURT: So we don't have a bank or someone else who would seek recovery?

MR. KOBRE: Correct.

Your Honor may recall there was no restitution order and there were no victim -- identifiable victims in this case.

THE COURT: Well, theoretically the people of a foreign country.

MR. KOBRE: Yes, your Honor. The Republic of Guinea. But our position I think at sentencing was that they weren't technically victims under the victim -- the MVRA or the other victim statutes.

THE COURT: And, Mr. Kobre, are you working with your office's civil division or forfeiture division on these issues?

MR. KOBRE: I am, your Honor, very closely, because of my lack of familiarity as just a regular plain old criminal

1  AUSA so I'm working closely with them to work through these
2  issues. And I've discussed with our forfeiture unit today --
3  first of all, in conjunction with them, this idea of consenting
4  to the Dutchess County sale, foreclosure sale, and also -- and
5  so, yes, that's been done in consultation with.
6       THE COURT: Well it seems to me that both parties
7  before me in this courtroom today would have an interest in the
8  sale recovering as much money as possible, that is something
9  north of $200,000. And if Dutchess County is going to run the
10  sale its interests is in recovering its $200,000. So, do the
11  parties before me here in this courtroom participate in any way
12  in how the property is sold or advertised for sale or do you
13  just leave that entirely to Dutchess County?
14       MR. KOBRE: Your Honor, it would be just entirely left
15  to Dutchess County.
16       MR. GOLDSMITH: Yes. Unfortunately, your Honor, in my
17  experience in other matters the only role that my client could
18  take would be to, assuming that I can revive my communications
19  with them in time, is to file a petition prior to the
20  foreclosure in Dutchess County which is what I've asked them
21  for information to do.
22       THE COURT: Thank you. Very helpful.
23       So, let us say that it's sold for something north of
24  $200,000 so that there is some asset deposited into the custody
25  of the court or the marshal service and, therefore, a live

dispute before me pursuant to this petition as to who that money should be sent to, either the U.S. Treasury or the petitioners, what discovery, if Mr. Goldsmith's clients are not cooperating with him, then that's the end of the matter and I'll just dismiss the petition.

MR. GOLDSMITH: I'm not sure if the government would need to file a default motion upon discovery under Rule 26 of the CPLR but it would be something along those lines, yes.

THE COURT: And so if Mr. Goldsmith's clients are cooperating with him, then the government wants some documents and potentially some testimony. Is that where we are?

MR. KOBRE: It is where we are.

THE COURT: So let's see if we can jump start this.

Mr. Goldsmith hasn't had any communication for some time now from his clients. So, Mr. Goldsmith, we have this date of sale, October 17, 2018 and the parties are proposing November 1, 2018 to kickstart litigation here. So I'll take a status letter from the parties on November 1, 2018. Let me just make sure that's a weekday. November 1, 2018. And I'd be happy to issue an order today, Mr. Goldsmith, if that is of assistance to you. But essentially unless your clients have been in communication with you between today and November 1, 2018 and give me grounds to believe that they will cooperate in discovery, I am going to dismiss the petition. Would you like me to issue an order to show cause to that effect so that you

I8a9thic

1  can have that to send your clients?
2           MR. GOLDSMITH:  I appreciate that.  Thank you.
3           THE COURT:  And then, of course, if they have been in
4  communication with you, then it makes sense to start discovery
5  and the parties will make a proposal to me on November 1 for a
6  schedule for that discovery with motion practice to follow.
7           Good.  We have a schedule.
8           MR. KOBRE:  Thank you, Judge.
9           So I expect that as soon as the Dutchess County
10 attorney returns and signs the proposed stipulation and order
11 that I'll have that to the Court.
12          THE COURT:  Wonderful.  Have a good summer, what
13 remains of it.  Thanks, counsel.
14          (Adjourned)

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300