# EDELSTEIN & GROSSMAN
Attorney at Law
501 Fifth Avenue, Suite 514
New York, NY 10017
Tel: (212) 871-0571
Fax: (212) 922-2906
jonathan.edelstein.2@gmail.com

____

June 2, 2020

**VIA ELECTRONIC CASE FILING**
Hon. Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: U.S. v. Mahmoud Thiam, Docket No. 17-CR-47 (DLC)**

Your Honor:

By this letter, defendant Mahmoud Thiam respectfully renews his motion for compassionate release pursuant to 18 U.S.C. § 3582(c).

As this Court is aware, Mr. Thiam previously moved for compassionate release on April 16, 2020 (Doc. 181), and on April 22, 2020, this Court denied the motion because he had not exhausted his administrative remedies (Doc. 189).  Thereafter, on May 2, 2020, Mr. Thiam submitted an administrative request to the BOP that specifically requested compassionate release pursuant to 18 U.S.C. § 3582(c), a copy of which is annexed hereto as Exhibit A.  More than 30 days have passed since that request was filed, and no action has been taken thereon.  Accordingly, Mr. Thiam has now satisfied the administrative exhaustion provisions of the statute, and there is no longer any impediment to this Court reaching the merits of whether he is entitled to compassionate release.

In order to avoid cluttering the record, Mr. Thiam repeats and reiterates each of the arguments made in his opening memorandum (Doc. 183) and reply memorandum (Doc. 186) and incorporates those arguments by reference in this letter.  In addition, Mr. Thiam also incorporates by reference the exhibits to his original motion (Doc. 182 through 182-8).

Aside from the arguments previously made, petitioner makes several brief further observations.  First, annexed hereto as Exhibit B is a 22-oage report prepared on April 30, 2020 by Dr. Homer Venters, indicating that even at that date, the Brooklyn MDC, where Mr. Thiam is incarcerated, had not taken adequate measures to safeguard inmates against the spread of COVID-19.  The undersigned is advised that conditions at the MDC remain essentially the same

as at the time of Dr. Venters' report.  Moreover, while the incidence of COVID-19 in New York City is no longer as high as during the peak of the pandemic, the city – and therefore the MDC – is by no means out of the woods.  There are still hundreds, and on some days close to a thousand, new cases per day reported in the city (https://www1.nyc.gov/site/doh/covid/covid-19-data.page),[1] and the upcoming reopening of the city, with increased use of public transportation, is fraught with the risk of a second wave.  The current wave of civic unrest, which directly impacts the state and federal criminal justice system and may result in an influx of new inmates to the MDC, is a further risk factor for inmates such as Mr. Thiam.  Thus, the concerns raised in the original moving papers regarding Mr. Thiam's risk of exposure, and the serious health conditions that put him in danger of serious illness or death if he is infected, remain valid.

Second, it has become clear that the BOP is not adjudicating requests for compassionate release even-handedly.  For instance, Paul Manafort was released due to COVID-19 risk even though he had more than half his sentence left to serve and there were no reported cases at the prison where he was incarcerated (https://www.cnbc.com/2020/05/13/coronavirus-ex-tump-campaign-boss-paul-manafort-released-from-prison.html).  Likewise, Michael Cohen was released from FCI Otisville despite having more than a year and a half to serve and despite his institution likewise being considered low risk (https://www.npr.org/sections/coronavirus-live-updates/2020/05/21/860204544/michael-cohen-released-from-prison-due-to-coronavirus-concerns). In contrast, for ordinary rank-and-file prisoners, the BOP secretly changed its risk classification in order to make it far more difficult to be eligible for release (https://www.propublica.org/article/bill-barr-promised-to-release-prisoners-threatened-by-coronavirus-even-as-the-feds-secretly-made-it-harder-for-them-to-get-out),

It is thus patent that the BOP has one rule for politically connected inmates and a different, far harsher one for everyone else.  This means that the role of the courts in ensuring that applications for compassionate release are adjudicated fairly and equitably is more important than ever.

Finally, annexed as Exhibit C is the decision of Judge Ramos in United States v. Fazio, Docket No. 11-CR-873, issued May 15, 2020.  Anthony Fazio, Sr. was convicted after jury trial of a multi-million-dollar fraud and racketeering scheme involving the labor union of which he was a key officer, and was sentenced on September 17, 2012 to 151 months in prison.  He would not have been eligible for release until 2023.  However, because of his age and medical condition, Judge Ramos nevertheless saw fit to grant compassionate release from custody.  If Mr. Fazio is a suitable candidate for release, then Mr. Thiam – who was sentenced to a lesser term of incarceration which he has served more than half of, and whose PATTERN score makes him eligible for early release under the First Step Act in approximately one year – is likewise a person who merits this Court's compassion.  This Court should therefore order that Mr. Thiam be immediately released from custody under such conditions of supervision as it may set.

---

[1] The New York City COVID data system notes that there are delays of up to one week in reporting new cases; therefore, dates less than one week from the present date will understate the number of new cases reported.

The Court's consideration in this matter is appreciated.

                                                          Respectfully submitted,

                                                          /s/ Jonathan I. Edelstein

                                                          Jonathan Edelstein

Cc:    All Counsel (Via ECF)