

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<div style="font-size:small">
Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, NY 10278
</div>

March 1, 2024

**BY ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
Daniel Patrick Moynihan U.S. Courthouse
New York, New York 10007

*The defendant's 2/7/24 motion for early termination of supervised release is denied.*

*Denise Cote 3/12/24*

Re: ***United States v. Mahmoud Thiam***, 17 Cr. 47 (DLC)

Dear Judge Cote:

The Government respectfully submits this letter in response to the defendant's motion for early termination of his term of supervised release, which was filed on February 7, 2024. (Dkt. 201 ("Motion")). Because defendant Mahmoud Thiam (the "defendant" or "Thiam") has provided an insufficient basis for early termination, the Government, like the U.S. Probation office, respectfully opposes his request.

### I. Relevant Factual Background

Following a seven-day trial before this Court, Thiam was convicted of two counts of money laundering in connection with his scheme to use his position as Minister of Mines for the Republic of Guinea to obtain, and then launder into the United States, approximately $8.5 million in bribes from a Chinese conglomerate. Thiam accepted and laundered these bribes in exchange for facilitating the transfer to the Chinese Conglomerate of valuable rights to Guinea's natural resources. As demonstrated at trial, Thiam lied repeatedly to banks and thereby laundered the bribes through an offshore account. He then used the proceeds to fund a lavish lifestyle, including expensive vacations, a mansion in Dutchess County, and private school tuition for his children.

On August 25, 2017, this Court sentenced Thiam principally to 84 months' imprisonment—well below the low end of his Guidelines range of 151-188 months' imprisonment—followed by three years of supervised release. (Dkt. 136).

Thiam served the custodial portion of his sentence and began his term of supervised release on or around January 13, 2022. Accordingly, he has now completed slightly more than two years of his three-year term. Thiam is supervised in this District and his supervised release is scheduled to end on or around January 12, 2025. On or about February 7, 2024, Thiam filed a motion for early termination of his supervised release. (Dkts. 201-204). The U.S. Probation Office in this District ("Probation") opposes Thiam's motion for early termination.

Hon. Denise Cote  
United States District Judge

Page 3  
March 1, 2024

 First, contrary to Thiam's assertions, the Government understands from Probation that Thiam is not in full compliance with his conditions of supervised release. Specifically, Thiam has been unemployed since he began his term of supervised release on or around January 13, 2022. Probation informed the Government that since Thiam is unemployed, he agreed to a modification of the conditions of his supervised release whereby he is to complete 20 hours of community service per week. The Court approved this modification and required Thiam to submit written verification to show that he has completed his community service hours each week. (Dkt. 194). According to Probation, Thiam stopped performing his community service in or around November 2023. Thiam's involvement with the ECF Children's Fund and the Malaika School does not replace his community service requirements. Additionally, Probation has stated that Thiam has not made payments on his forfeiture order due to his unemployment. Thiam's failure to satisfy all conditions of his supervised release demonstrates that early termination is not appropriate in this case. Moreover, even if Thiam were in compliance with the conditions of his supervised release, he has not pointed to any "exceptionally good behavior" to justify early termination.

 Second, Thiam has not pointed to any "changed circumstances" or extraordinary considerations warranting early termination. *See Lussier*, 104 F.3d at 36. In his declaration, Thiam argues that "his viable opportunities to obtain gainful employment today are abroad" and he is unable to pursue those opportunities because such employment would require travel on demand and at short notice and the Court has denied his previous request to travel to discuss one such opportunity. (Dkt. 203, 2-3). Even if as Thiam asserts, his viable professional opportunities are abroad, he has not explained why he cannot gain employment in the United States for the next year while he completes his supervised release and then pursue those opportunities. In fact, Probation has indicated that Thiam has not made meaningful efforts to seek employment outside of consulting-type work. Thiam also asserts that he has also considered relocating to Senegal to be closer to his mother who has had health problems. (Dkt. 203, 2-3). However, as Thiam admits, the Court has granted him permission on two occasions to travel to Senegal to visit her during her medical appointments. (Dkt. 203, 2). Therefore, Thiam's preference to pursue professional opportunities "on the international scene" or to visit his mother without seeking permission from the Court does not justify an early termination of supervised release.

 The nature of Thiam's offense conduct also counsel against early termination.[1] After presiding over the defendant's week-long trial, this Court observed at sentencing:

> The undisputed fact is that he took a bribe over a contract that was extraordinarily significant to Guinea and significant to the investors who were pouring resources into Guinea. It was a huge bribe, eight-and-a-half million dollars.
>
> It deprived Guinea of his honest services. It was a violation of Guinean law. It was a violation of American law. The defendant knew immediately that what he was doing was terribly wrong. He

---

[1] *See* 18 U.S.C. § 3583(e) (providing that the Court may modify the conditions of supervised release after considering various sentencing factors under 18 U.S.C. § 3553(a), including the nature and circumstances of the offense).

Hon. Denise Cote  　　　　　　　　　　　　　　　　　　　　　　　　　Page 5
United States District Judge　　　　　　　　　　　　　　　　　　　March 1, 2024

## IV. Conclusion

Accordingly, the Government respectfully requests that the Court deny the defendant's motion for early termination of his term of supervised release.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　DAMIAN WILLIAMS
　　　　　　　　　　　　　　　　　　United States Attorney for the
　　　　　　　　　　　　　　　　　　Southern District of New York

By:　　/s/
　　　　Katherine C. Reilly
　　　　Assistant United States Attorney
　　　　(212) 637-6521

　　　　GLEN LEON
　　　　Chief, Criminal Division, Fraud Section
　　　　United States Department of Justice

By:　　/s/
　　　　Lorinda I. Laryea
　　　　Principal Deputy Chief
　　　　(202) 353-3439

cc:　Jonathan I. Edelstein, Esq. (by ECF)
　　　U.S. Probation Officer Brittany Valentine (by email)