UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------- x

UNITED STATES OF AMERICA

-v.-

MAHMOUD THIAM,

Defendant.

--------------------------------------- x

**FINAL ORDER OF FORFEITURE**

17 Cr. 47 (DLC)

WHEREAS, on or about August 25, 2017, this Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 135), which ordered the forfeiture to the United States of all right, title and interest of MAHMOUD THIAM (the "Defendant") in the following property:

a. 771 Duell Road, Stanfordville, New York, 12581

(the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require

publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on December 1, 2017, for thirty (30) consecutive days, through December 30, 2017, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on October 29, 2025 (D.E. 212);

WHEREAS, on or about December 7, 2017, notice of the Prelimimnary Order of Forfieture sent via Federal Express to the following:

Aaron M. Goldsmith, Esq.
Law Office of Aaron M. Goldsmith, P.C.
225 Broadway, Suite 715
New York, NY 10007
*(Counsel for Mahmoud Thiam)*

Paul Eliot Summit, Esq.
Sullivan & Worcester LLP (MA)
One Post Office Square
Boston, MA 02109
*(Counsel for Mahmoud Thiam)*

Jonathan Isidor Edelstein, Esq.
83-44 Lefferts Blvd, Apt. 3E
Kew Gardens, NY 11415
*(Counsel for Mahmoud Thiam)*

Andrew Todd Solomon, Esq.
Solomon & Cramer LLP
1441 Broadway, Ste. 6026
New York, NY 10018
*(Counsel for Mahmoud Thiam)*

Caitlin C. Fahey. Esq.
Sullivan & Worcester LLP (MA)

Case 1:17-cr-00047-DLC Document 213-1 Filed 10/29/25 Page 3 of 5

One Post Office Square
Boston, MA 02109 New York, NY 10007
*(Counsel for Mahmoud Thiam)*

Fatim Thiam
170 East End Avenue, #16B,
New York, NY 10128-7600
AMER HOLDING PTE. LTD
Attn: Mohamed Alabbar
80 Robinson Road
#02-00
Singapore 068898

Mohamed Alabbar
75 Meyer Road
21-03 Hawaii Towers
Singapore 437901

Africa Middle East Resources
Attn: Mohamed Alabbar
PO Box 88839
Dubai, UAE

Thomas McGregor, Esq
100 South Bedford Road, #340
Mt. Kisco, New York 10549

(collectively, the "Noticed Parties");

WHEREAS, the Government was advised that the County of Dutchess, New York had an interest in the Specific Property due to a delinquent real property tax lien (the "Tax Liens") and was seeking a foreclosure sale with respect to the Specific Property in the New York State Supreme Court, Dutchess County;

WHEREAS, on or about August 21, 2018, the Court entered a Stipulation and Order (D.E. 168) whereby the United States consented to the Dutchess County application for foreclosure of the Tax Liens, and Dutchess County agreed that the excess net proceeds from the

Case 1:17-cr-00047-DLC Document 213-1 Filed 10/29/25 Page 4 of 5

foreclosure sale of the Specific Property (the "Excess Net Proceeds"), after payment of the Tax Liens, would be transferred to the United States Marshals Service ("USMS").

WHEREAS, the Stipulation and Order further provided that the USMS shall hold the Excess Net Proceeds as a substitute *res* for the Specific Property, and that all claims or petitions asserting a third-party interest in the Specific Property that had been filed or that were filed in the future would be against the substitute *res*;

WHEREAS, pursuant to the Stipulation and Order, the Excess Net Proceeds in the amount of $846,875.28 (the "Substitute Res") was deposited into the Seized Asset Deposit Fund maintained by the USMS;

WHEREAS, on or about late 2017 and early 2018, Sociedade Saboeira de Nacala ("SSdN") filed several motions purportedly asserting an interest in the Specific Property (together, the "Petition" (D.E. 152, 157-160);

WHEREAS, on or about December 12, 2018, the Government filed a Motion to Dismiss the SSdN petition;

WHEREAS, on or about October 8, 2025, the Court granted the Motion to Dismiss and entered an Order dismissing the Petition;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant, SSdN, Dutchess County and the Noticed Parties are the only individuals and/or entities known by the Government to have a potential interest in the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Res is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Res.

3. The United States Marshals Service (or its designee) shall take possession of the Substitute Res and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
October 31, 2025

SO ORDERED:

Denise Cote

HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE